Marilyn HAYES, Plaintiff—Appellant,

v.

COMMISSIONER OF the SOCIAL SECURITY ADMINISTRATION, Defendant—Appellee.

No. 06–17233.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 16, 2008.

Filed May 30, 2008.

James H. Miller, Esq., Oakland, CA, for Plaintiff–Appellant.

654

John C. Cusker, Esq., SSA—Social Security Administration Office of the General Counsel, San Francisco, CA, for Defendant–Appellee.

Before: B. FLETCHER and RYMER, Circuit Judges, and DUFFY *, District Judge.

## MEMORANDUM **

Marilyn Hayes appeals the district court's judgment affirming the Commissioner of Social Security's decision granting in part and denying in part her application for supplemental security income benefits based on disability under Title XVI of the Social Security Act, 42 U.S.C. § 1382c. Hayes alleged inability to work because of hepatitis C, internal bleeding, no energy or strength, need for shoulder surgery, nose and gum bleeding, and enlarged heart. The Administrative Law Judge ("ALJ") found that Hayes was disabled as of her fiftieth birthday but not before. We have jurisdiction pursuant to 28 U.S.C. § 1291.

The medical opinion of Hayes' treating physician, Dr. Watson, and Hayes' testimony indicated that she had severe fatigue, a non-exertional limitation, see Social Security Ruling 83–10 (1983), reasonably associated with hepatitis. The ALJ provided facially cogent reasons for rejecting Dr. Watson's opinion and her testimony and instead concluding that she had the ability to perform sedentary tasks despite her non-exertional limitation. However, we conclude that those reasons, and the resulting residual functional capacity ("RFC") determination that Hayes could perform sedentary work before her fiftieth birthday, are unsupported by substantial evidence in the record, and thus not entitled to deference. Lester v. Chater, 81 F.3d 821, 834 (9th Cir.1995). Therefore, we hold that the disability determination, dependent on the RFC determination, was improperly reached.

"We may direct an award of benefits where the record has been fully developed and where further administrative proceedings would serve no useful purpose." See Smolen v. Chater, 80 F.3d 1273, 1292 (9th Cir.1996). Here, the ALJ has failed to provide legally sufficient reasons for rejecting Hayes' testimony and the opinion of her treating physician, there are no outstanding issues precluding us from making a disability determination on the merits, the record is fully developed and, considering the evidence showing significant non-exertional limitations that the ALJ improperly discredited, a finding of disability is required. See id. Therefore, we find that Hayes was disabled throughout the seventeen-month period prior to her fiftieth birthday, and reverse and remand for determination of benefits.

## REVERSED AND REMANDED.

---

* The Honorable Kevin Thomas Duffy, Senior United States District Judge for the Southern District of New York, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.